**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HYESUN HUGH | ) |
| 7540 Falkland Drive | ) |
| Gainesville, VA 20155 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| E TECH HOLDINGS, INC. | ) |
| 12850 Middlebrook Road #100 | ) |
| Germantown, MD 20874 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff Hyesun Hugh ("Hyesun Hugh") respectfully submits her Complaint against E

Tech Holdings, Inc. ("E Tech"), and alleges as set forth below.

**NATURE OF THE CLAIM, JURISDICTION AND VENUE**

1.      This is an action for tortuous interference with contract, unjust enrichment, and

claims related to the dissolution of a corporation, brought by the shareholder of a [now

dissolved] corporation against the successor corporation.  This Court has jurisdiction under 28

US.C. § 1332 (diversity of citizenship) because Hyesun Hugh is a Virginia resident and the

Defendant E Tech is a Maryland corporation.

2.      Venue in this District is proper under 28 U.S.C. § 1391 (venue generally) because

Defendant E Tech is a Maryland corporation with its principal office in Germantown, Maryland.

*See Exhibits 1*, Articles of Incorporation of E Tech Holdings, Inc., and *Exhibit 2*, current

corporate record of the Maryland Department of Assessments and Taxation. Further, on

1

information and belief, a substantial part of the alleged events occurred and/or have a significant

effect within this District.

## GENERAL ALLEGATIONS

4.      Plaintiff Hyesun Hugh (a/k/a Christine Hugh) is a Virginia resident who was a

51%-owner of the Maryland company Isat, Inc. ("Isat") *See Exhibit 4*, K-1 Form of Hyesun

Hugh, showing 51% ownership. The other 49% were held by Yong Hugh [a/k/a Yong H. Woo],

also a Virginia resident. Plaintiff Hyesun Hugh is married to Yong Hugh, but they are separated.

5.      Isat had its principal place of business, according to the corporate records, at

14432 Parkvale Road #1, Rockville, MD 20853. Unbeknownst to Hyesun Hugh, Articles of

Dissolution were filed for Isat on August 25, 2011. *See Exhibit 3*, Articles of Dissolution for Isat,

Inc. Also, Isat used the trade name "SM Technology." *See Exhibit 6*, print-out for Isat from

company directory www.findthecompany.com. One of its phone numbers was "703-266-7177."

*Id.* Its website was www.smteco.com. *Id.*

6.      E Tech Holdings, Inc. ("E Tech") is a Maryland corporation. Its Articles of

Incorporation were filed on June 3, 2011. *See Exhibit 1*, Articles of Incorporation of E Tech

Holdings, Inc. According to the corporate filings, its principal office is at 12850 Middlebrook

Road #100, Germantown, MD 20874. E Tech continues to use Isat's trade name "SM

Technology," as well as the telephone number "703-266-7177" and the website

www.smteco.com. *See Exhibit 5*, current website www.smteco.com.

7.      Upon information and belief, E Tech's business activities are identical to Isat's

business activities, and E Tech now serves the former clients of Isat. *See Exhibit 5*, current

website www.smteco.com.

8.      E Tech, without permission or consent, divested Hyesun Hugh of her 51% ownership of Isat by dissolving the company and misappropriating its assets, including the trade name, good will, website and telephone number.

## COUNT I

## TORTIOUS INTERFERENCE OF CONTRACT

9.      Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-8, above.

10.     Isat was a functioning company serving clients. E Tech was aware of Isat's business activities and therefore acted in a way to divest Plaintiff of her ownership and acquire Isat's business and revenue. Unbeknownst to Plaintiff, and without justification whatsoever, E Tech acquired Isat assets, including the website, telephone number and website, and began serving Isat's clients.

11.     Plaintiff has suffered substantial damages as her 51%-percent ownership of Isat suddenly became worthless.

## COUNT II

## UNJUST ENRICHMENT

12.     Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-11, above.

13.     This case involves a highly unusual business transaction: a 51%-percent owner was divested of her ownership surreptitiously and without her consent. Plaintiff does not have an adequate remedy at law. The benefit conferred upon the Defendant by the plaintiff coupled with the Defendant's appreciation of the benefit, as well as acceptance and retention of the benefit, makes it inequitable for Defendant to do so without paying the value of Isat.

3

14.     Therefore, the circumstances meet the elements of unjust enrichment and E Tech should pay Plaintiff the value of the 51%-percent ownership of Isat she lost, including the value of Isat as a going concern, the value of Isat's assets, as well as Plaintiff's future lost income and profits from the company.

## COUNT III

## MARYLAND CODE SECTION 3-412

## [Distributions to Stockholders in voluntary dissolution] AND ACCOUNTING

15.     Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-14, above.

16.     Plaintiff did not receive the proper notice of the dissolution. Neither did she receive a distribution from the assets of Isat.

17.     Accounting is generally not an independent cause of action in Maryland but rather a remedy to another cause of action. *Orteck Int'l Inc. v. Transpacific Tire Wheel, Inc.*, 704 F. Supp. 2d 499, 521 (D. Md. 2010). However, since Plaintiff did not receive her proper distribution of assets, Plaintiff is entitled to an accounting. The accounting must consider the value of the 51%-percent ownership of Isat that Plaintiff lost, including the value of Isat as a going concern, the value of Isat's assets, as well as Plaintiff's future lost income and profits from the company.

18.     Plaintiff therefore requests a declaratory judgment that Plaintiff is entitled to an accounting and distribution from the assets of Isat that E Tech acquired.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendant as follows:

A. For a judgment that the Defendant has tortuously interfered with the contractual relations of Isat, and thus unjustly enriched itself;

B. For entry of judgment that the Defendant shall pay actual damages and profits;

C. For entry of judgment that the Defendant shall pay Plaintiff's costs;

D. For entry of judgment that the Defendant shall pay Plaintiff's reasonable attorney fees; and

E. For entry of a declaratory judgment that Plaintiff is entitled to an accounting and a distribution from the assets of Isat as improperly acquired by E Tech. The accounting must consider the value of the 51%-percent ownership of Isat that Plaintiff lost, including the value of Isat as a going concern, the value of Isat's assets, as well as Plaintiff's lost future income and profits from the company; and

F. For entry of judgment that Plaintiff have such other relief as justice may require and/or as otherwise deemed just and proper by this Court.

Respectfully submitted this 23rd day of April, 2013.

FOR THE PLAINTIFF:


By:    /s/ Mike Meier
Mike Meier (MD 16007)
Lee & Meier, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (703) 385-3085
Fax: (202) 747-5795
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF