# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| HYESUN HUGH, <br><br> Plaintiff, <br><br> v. <br><br> E TECH HOLDINGS, INC., <br><br> Defendant. | Civil Action No. 8:13-cv-01197-AW |

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Hyesun Hugh ("Plaintiff") is a resident of Virginia. Defendant E Tech Holdings, Inc. ("Defendant") is a Maryland corporation. Plaintiff alleges that she was a 51% owner of the Maryland corporation Isat, Inc. ("Iast"). Isat also used the trade name SM Technology. Yong Hugh (Mr. Hugh) allegedly owned the remaining 49% of Isat. Plaintiff and Mr. Hugh are married but have separated.

Plaintiff alleges that, unbeknown to her, Isat was dissolved in August 2011. Although it is not fully clear, the Articles of Dissolution that the Complaint incorporates indicate that Mr. Hugh and Jong H. Woo filed them. *See* Doc. No. 1-6 at 3–4. The Articles of Dissolution state that Mr.

1

Hugh was President, Treasurer, and Secretary of Isat and that Jong Woo was a director. It is unclear whether Plaintiff alleges that Mr. Hugh and Jong Woo are the same person.

In June 2011, Defendant filed Articles of Incorporation. Doc. No. 1-4. The Articles of Incorporation indicate that an individual named Jee Yourn Hugh filed them. It is unclear whether Jee Yourn Hugh is Mr. Hugh. Plaintiff alleges that Defendant is using Isat's trade name SM Technology, telephone number, and website. Plaintiff further alleges that Defendant's business activities are identical to Isat's and that Defendant is serving the former clients of Isat. As a result of this conduct, Plaintiff alleges that Defendant divested her of her 51% ownership of Isat and misappropriated its assets.

Plaintiff filed a Complaint on April 23, 2013. Doc. No. 1. Based on the foregoing allegations, Plaintiff asserts claims for tortious interference with contract, unjust enrichment, and "distributions to stockholders in voluntary dissolution and accounting." Doc. No. 1 at 4. On July 16, 2013, Defendant filed a 3-page Motion to Dismiss (Doc. No. 10), arguing that Plaintiff has failed to state facially plausible claims. Plaintiff responded on July 29, 2013. Doc. No. 11. Defendant's reply was due by August 15, 2013. Defendant has not replied.

## II. STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This

showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

### A. Tortious Interference with Contract

"The tort of intentional interference with contract is well established in Maryland." *Macklin v. Robert Logan Assocs.*, 639 A.2d 112, 116–17 (Md. 1994) (collecting cases). The tort has two branches. "The tort . . . is committed when [1] a third party's intentional interference with another in his or her business or occupation induces a breach of an existing contract or, [2] absent an existing contract, maliciously or wrongfully infringes upon an economic relationship." *Id.* (citations omitted). The first branch of the tort has five elements: "(1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5)

resulting damages to the plaintiff." *Fowler v. Printers II, Inc.*, 598 A.2d 794, 802 (Md. Ct. Spec. App. 1991) (citations omitted). By contrast, to establish tortious interference with prospective contractual relations, one must plead and prove the following elements: "(1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting." *Kaser v. Fin. Prot. Mktg., Inc.*, 831 A.2d 49, 53 (Md. 2003) (citation and internal quotation marks omitted).

In this case, Plaintiff has pleaded a facially plausible claim for tortious interference with contract. Although Plaintiff does not clearly allege that Defendant induced the breach of existing contracts, Plaintiff has adequately alleged the second branch of the tort, i.e., that Defendant tortiously interfered with prospective contractual relations. The crux of Plaintiff's allegations is that Defendant, in violation of her legitimate business expectations, intentionally and willfully schemed to divest her of her interest in Isat and that she suffered considerable economic harm as a result. Accordingly, construing Plaintiff's allegations in the most favorable light, Plaintiff has stated a cognizable claim for tortious interference with prospective contractual relations.[1]

**B.  Unjust Enrichment**

The elements of unjust enrichment are as follows: "[1] A benefit conferred upon the defendant by the plaintiff; [2] An appreciation or knowledge by the defendant of the benefit; and [3] The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) (citation and internal

---

[1] This ruling does not prejudice the right of Plaintiff to pursue her tortious interference with contract claim on the theory that Defendant interfered with, and/or induced the breach of, existing contracts if discovery provides a factual basis for this claim.

quotation marks omitted). "Unjust enrichment is a claim . . . that may not be reduced neatly to a golden rule." *Id.* (citation and internal quotation marks omitted). "A successful unjust enrichment claim serves to deprive the defendant of benefits that in equity and good conscience he ought not to keep . . . ." *Id.* at 352 (citation and internal quotation marks omitted).

In this case, Plaintiff has stated a facially plausible unjust enrichment claim. Again, the essence of Plaintiff's allegations is that Defendant intentionally and willfully schemed to divest her of her majority interest in Isat. Construing Plaintiff's allegations favorably, one can plausibly infer that Defendant has misappropriated Plaintiff's benefits and that in equity and good conscience it should not keep them. Accordingly, Plaintiff has stated a cognizable unjust enrichment claim.

C.    **Distributions to Stockholders/Accounting**

Defendant does not meaningfully argue that Plaintiff has failed to state a cognizable distributions-to-shareholders claim under section 3-412 of the Corporations and Associations Article of the Maryland Code. *See generally* Md. Code Ann., Corps. & Ass'ns § 3–412(e)(1). Indeed, in challenging this claim, Defendant relies on the wrong section of the Maryland Code. *See* Doc. No. 10-1 at 2 (citing Md. Code Ann., Cts. & Jud. Proc. § 3-412). Be that as it may, the Court has carefully reviewed the Complaint and incorporated documents and concludes that Plaintiff has stated a cognizable distribution-to-stockholders claim.[2] The Court also concludes that Plaintiff has stated a facially plausible accounting claim, whether as a standalone claim or to remedy the allegedly improper distribution of Plaintiff's shares in Isat. *Compare Orteck Int'l Inc. v. Transpacific Tire Wheel, Inc.*, 704 F. Supp. 2d 499, 521 (D. Md. 2010) ("An accounting is . . . a remedy, not a separate cause of action, and not available absent some independent cause of

---

[2] The question whether Plaintiff could state a claim under some other provision of the Corporations and Associations Article is not before the Court.

action."), *with P.V. Props., Inc. v. Rock Creek Village Assocs. Ltd. P'ship*, 549 A.2d 403, 409 (Md. Ct. Spec. App. 1988) (citation omitted) ("The general rule is that a suit in equity for an accounting may be maintained when the remedies at law are inadequate.").[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. A separate Order follows. The Court will issue a Scheduling Order.

| August 26, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[3] Although Plaintiff has named only E Tech Holdings, Inc. as Defendant, it would appear that Plaintiff predicates her claims on the conduct of Mr. Hugh, Jong Woo, and/or Jee Yourn Hugh as well. The question whether Plaintiff would ultimately be able to prevail on one or more of her claims without joining one of more of these individuals is not before the Court.